## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | |
|---|---|
| In re: ) | |
| ) | |
| EMELDA MARIE ALLEN, ) | Case No. 10-30889 HRT |
| ) | Chapter 13 |
| Debtor. ) | |
| EMELDA MARIE ALLEN, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 10-1786 HRT |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO, N.A., et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER DISMISSING PLAINTIFF'S COMPLAINT

This matter comes before the Court upon the trial of Plaintiff's *First Amended Complaint and Petition for Quiet Title* (docket #24) (the "Complaint").

Plaintiff's Complaint originally attempted to state multiple causes of action directed against Wells Fargo Bank, N.A., the remaining Defendant, and against the law firm of Aronowitz & Mecklenberg, L.L.P. and Land Title Guarantee Company. Upon the Court's consideration of motions to dismiss filed by all three defendants, the Court dismissed all counts against the Aronowitz firm and Land Title Guarantee. The matter came to trial on the one surviving count against Wells Fargo – an objection to the Wells Fargo proof of claim.

The Plaintiff appeared pro se and Defendant appeared through counsel, Jamie Grant Siler. After considering the evidence adduced at trial and after the Court's review of its file, it is ready to rule.

### I. BACKGROUND

1.   Plaintiff Emelda Marie Allen filed a chapter 13 petition on August 17, 2010, under Case No. 10-30889.

2.   This complaint, filed in conjunction with an amended plan, concerns real property located at 4233 West Radcliff Avenue, Denver, CO 80236 (the "Property").

3.   Debtor purchased the Property on July 20, 2007.

ORDER ON MOTIONS TO DISMISS
Adversary No. 10-1786 HRT

4.     At the time of her purchase, through Raymond Lopez, her attorney in fact,[1] Plaintiff executed a "Pick-A-Payment Loan" note (the "Note"), in the face amount of $160,000.00, payable to "World Savings Bank, FSB, a Federal Savings Bank, its successors and/or assignees, or anyone to whom this Note is transferred."

5.     Also, on the date of the closing of her home purchase, Plaintiff, through Raymond Lopez, executed a Deed of Trust conveying the Property in trust to the Public Trustee of Denver County, with a power of sale, to secure her obligation to World Savings.

6.     Wells Fargo Bank, N.A., claims to be the current owner of the Note with the right to enforce the obligations on the Note and the Deed of Trust.

7.     Plaintiff's Schedule D Reflects a debt to Wells Fargo Home Mortgage, in the amount of $173,555.00, secured by a lien on the Property.

8.     On September 28, 2010, through counsel, Aronowitz and Mecklenburg, LLP, Wells Fargo filed a proof of claim reflecting a secured claim of $184,924.31, and a payment arrearage of $7,646.70.

    a.     Attachments to Wells Fargo's secured proof of claim include:
        i.     the Note;
        ii.     the Deed of Trust;
        iii.     a copy of Comptroller of the Currency Corporate Decision #2007-08, dated September 14, 2007, approving the purchase of certain World Savings assets by Wachovia Bank of Delaware; and
        iv.     a copy of Comptroller of the Currency letter dated November 19, 2009, certifying the conversion of Wachovia Mortgage FSB, North Las Vegas, Nevada, to a national bank named Wells Fargo Bank Southwest, N.A. and the merger of Wells Fargo Bank Southwest, N.A. into Wells Fargo Bank, N.A., Sioux Falls, South Dakota.
    b.     The Note copy filed with the proof of claim does not contain:
        i.     any endorsement; open or otherwise; or
        ii.     an allonge attached.

9.     Plaintiff's original chapter 13 plan, filed on August 17, 2010, proposed to cure an arrearage in the amount of $12,000.00 on the Wells Fargo secured claim and to make regular monthly mortgage payments directly to Wells Fargo in the amount of $787.00.

---

[1] The Note and deed of trust reflect that Plaintiff was "an unmarried woman" at the time the documents were executed. Plaintiff is now married to Raymond Lopez.

ORDER ON MOTIONS TO DISMISS
Adversary No. 10-1786 HRT

10.     On October 27, 2010, this adversary case was filed denying any obligation to Wells Fargo.

11.     On October 28, 2010, Plaintiff filed an amended chapter 13 plan that proposed no payment to Wells Fargo.

## II.  DISCUSSION

Following the presentation of Plaintiff's case-in-chief, Defendant moved for judgment. Defendant argued that Plaintiff had failed to carry her burden to state a legally sufficient objection to Defendant's claim.  The Court took that motion under advisement and now denies it.  It is not the Plaintiff's burden to prove that she owes nothing to Wells Fargo.  She must merely interpose a substantive objection to Defendant's claim such that the burden shifts to the Defendant to prove its claim.

Plaintiff claims that Wells Fargo is not the proper party entitled to enforce the mortgage obligation against her and against her Property.  That objection is substantive and is sufficient to shift the burden to Defendant to prove its claim.  On its face, the Note underlying Defendant's claim is made in favor of "World Savings Bank, FSB, a Federal Savings Bank, its successors and/or assignees, or anyone to whom this Note is transferred."  In an effort to demonstrate that Wells Fargo is the successor to World Savings Bank, the proof of claim included documents from the Comptroller of the Currency.  Those documents show that "certain assets" of World Savings were purchased by Wachovia Bank of Delaware and that Wachovia Mortgage FSB, North Las Vegas, Nevada, converted to a national bank named Wells Fargo Bank Southwest, N.A. which, in turn, merged into Wells Fargo Bank, N.A., Sioux Falls, South Dakota.  Those Comptroller of the Currency documents, standing alone, do not demonstrate to the Court's satisfaction that the particular Note, upon which the Plaintiff is obligated, is held by the Defendant.  As a consequence, the Plaintiff has met the rather light burden to raise a substantive question as to the validity of the Defendant's claim.  The burden shifts to the Defendant.

Defendant presented testimony from Michael Barnas, Defendant's Vice President of Loan Documentation.  Mr. Barnas did close the gap left open by the proof of claim documents.  His testimony along with the documents entered into evidence establish to the Court's satisfaction that Defendant owns the Note and is fully entitled to enforce the obligations therein.  Importantly, Defendant also produced the original Note for the Court's inspection.

Mr. Barnas testified that the Note has, from the time of its origination, been under the exclusive custody and control of the Defendant in its various corporate forms.  The Note is made payable to World Savings.  According to Mr. Barnas' uncontradicted testimony, among the World Savings assets acquired by Wachovia Bank was World's entire mortgage loan portfolio, including the Note at issue here.  Mr. Barnas also testified that Wachovia subsequently merged its assets with the Defendant and that Wachovia now functions as a division of Wells Fargo.

ORDER ON MOTIONS TO DISMISS
Adversary No. 10-1786 HRT

It is important to note, and the Court does find, that the Note has never been securitized. From the inception of this loan, the Note has been held by World Savings and its successors in interest. It was never bundled with other mortgages into a mortgage pool underlying a mortgage-backed security.

The Note is a negotiable instrument under the Colorado Uniform Commercial Code ("UCC"). A party entitled to enforce a negotiable instrument is defined as

> (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 4-3-309 or 4-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

COLO. REV. STAT. § 4-3-301.

The term "'[h]older' means . . . [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . ." COLO. REV. STAT. § 4-1-201(b)(20)(A).

The Court must examine two separate transactions. The first is Wachovia's purchase of certain assets from World Savings. The Court finds the transaction to be a transfer under the UCC. Under the UCC, "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." COLO. REV. STAT. § 4-3-203(a). The Court heard testimony from Mr. Barnas that the Note was part of a transfer of all of World Savings mortgage assets to Wachovia. In addition, the Court has examined the Comptroller of the Currency Corporate Decision #2007-08, dated September 14, 2007 (the "2007 Comptroller Letter").

The 2007 Comptroller Letter describes the transaction as a "purchase and assumption transaction." It describes the assets purchased as only "certain assets" and it states that World Savings will continue to operate after the transaction. The 2007 Comptroller Letter, in combination with Mr. Barnas' evidence clarifying the scope of the transaction, persuades the Court that the transaction constitutes a transfer under the UCC for the purpose of giving Wachovia the right to enforce the Note.

However, Wachovia did not become a holder of the Note, under the UCC because it did not take the Note by negotiation. COLO. REV. STAT. § 4-1-201(b)(20)(A). The Note contains no indorsement from World Savings to Wachovia nor did World Savings indorse the Note in blank. Nonetheless, under the UCC, the transfer from World Savings to Wachovia did vest in Wachovia the right to enforce the instrument. COLO. REV. STAT. § 4-3-203(b).

ORDER ON MOTIONS TO DISMISS
Adversary No. 10-1786 HRT

The Note does contain an indorsement but the Court finds that indorsement to be
ineffective.  It is an indorsement in blank signed by a representative of "Wachovia Mortgage,
FSB, FKA World Savings Bank, FSB."  But, because Wachovia did not attain the status of a
holder under the UCC through the transfer of the Note from World Savings, it did not acquire the
right of a holder to negotiate the instrument.  At the time Wachovia acquired the Note, it was not
indorsed by World Savings and the Note was not payable to Wachovia.  Thus, according to the
UCC definition of a holder, Wachovia did not attain that status.  As a consequence, it acquired the
right to enforce the Note but not the right to negotiate the Note by indorsement.  Under the UCC,
normally, "negotiation requires transfer of possession of the instrument and its indorsement by the
holder." COLO. REV. STAT. § 4-3-201.

    Wells Fargo came into possession of the Note and attained its right to enforce the Note
through a merger transaction.  The Court has examined the November 1, 2009, letter from the
Comptroller of the Currency to Mr. James E. Hanson, Vice President of Wells Fargo (the "2009
Comptroller Letter").  It documents the conversion of Wachovia from a federal savings bank to a
national bank and its merger with and into Wells Fargo.  The Court finds that transaction to
constitute a transfer of the Note, under the UCC, to Wells Fargo.

    At the time of the transfer, Wachovia possessed the right to enforce the Note.  The transfer
vested in Wells Fargo whatever rights in the Note that Wachovia possessed.  Therefore, the Court
concludes that Wells Fargo is the proper party in interest to enforce the Note.

    The next question involves Wells Fargo's right to enforce the deed of trust that Plaintiff
executed in favor of World Savings.

    "[U]nder Colorado statutory law, it is the 'owner of an evidence of debt which is secured
by a deed of trust containing a power of sale' that is entitled to initiate a foreclosure proceeding by
supplying the required notices and evidence of the debt to the 'public trustee of the county
wherein such property is located.'" In re Roberts, 367 B.R. 677, 684 (Bankr. D. Colo. 2007)
(citing COLO. REV. STAT. § 38-38-101).  There is no requirement that each time a promissory note
– evidence of debt – is transferred, that the associated deed of trust must be transferred and
recorded under the name of the new owner of the note.  In this case, the evidence is that Plaintiff
did secure repayment of the Note by executing a deed of trust.  The Court finds that Wells Fargo is
the owner of the Note and, under the UCC, the person entitled to enforce the Note.  Thus,
regardless of the fact that neither the face of the deed of trust nor any recorded assignments of the
deed of trust reflect its transfer to Wells Fargo, Wells Fargo is, nonetheless, entitled under
Colorado law to enforce the deed of trust through foreclosure.  Moreover, it is clear that, through
the above described transfer transactions, Wells Fargo is the owner of the deed of trust and fully
entitled to enforce it.

    Plaintiff 's sole concern was whether or not the Defendant was the proper party in interest
to enforce the Note.  She raised no substantive issue with respect to the amount of the claim.
Nonetheless, the Defendant's evidence also establishes the amount of the Wells Fargo claim to the

ORDER ON MOTIONS TO DISMISS
Adversary No. 10-1786 HRT

Court's satisfaction. The Defendant entered its payment history into evidence and the Note balance reflected in the payment history matches the principal balance reflected in the proof of claim. In addition, the Court has examined the statement of interest due and the associated charges and expenses that Wells Fargo included in its proof of claim and finds those charges to be reasonable and recoverable under the Note.

The Court finds that Wells Fargo's claim is an allowed claim in the amount of $184,924.31 and that its claim is secured by Plaintiff's Property.

Finally, as noted above, on her bankruptcy schedules, the Plaintiff listed the debt to Wells Fargo as a non-disputed debt and she listed that debt as secured by her Property. Those schedules were signed under penalty of perjury and filed with the Court. Further, her original plan provided for payment of the delinquency to Wells Fargo on its mortgage loan and provided for monthly payments to Wells Fargo on that loan. Plaintiff made no attempt to explain to the Court what events had transpired to cause her to believe in good faith that the debt to Wells Fargo that she freely acknowledged in her schedules and original plan was now invalid. Moreover, the Court found the Plaintiff to be evasive and lacking in credibility when responding to questions while providing testimony in Court. Although the Plaintiff's good faith was not directly placed at issue in this proceeding and the Court makes no findings as to the Plaintiff's good faith or lack of good faith, the Court must observe that the conduct of these proceedings does raise the question.

For the above stated reasons, it is

**ORDERED** that the Court allows the Claim No. 6-1 of Wells Fargo Bank, N.A., in Debtor's main bankruptcy Case No. 10-30889, in the amount of $184,924.31, and finds that Wells Fargo's claim is secured by Debtor's real property located at 4233 West Radcliff Avenue, Denver, CO 80236. It is further

**ORDERED** that Plaintiff's *First Amended Complaint and Petition for Quiet Title* (docket #24) is DISMISSED and judgment shall enter in favor of Defendant Wells Fargo Bank, N.A.

Dated this ___18th___ day of July, 2011.

BY THE COURT:

_____
Howard R. Tallman, Chief Judge
United States Bankruptcy Court

Page 6 of 6